## Moseby, Appellant, *v.* Fleck.

*Sheriffs' sales—Proceeding to obtain possession of premises—Act of June 16, 1836, P. L. 755—Adverse claimant—Justice's warrant—Eviction of tenant—Sheriff—Exceeding authority—Trespass for damages.*

1. A sheriff or other ministerial officer is protected in executing a valid writ according to its commands, but when he departs from its commands he is a trespasser and liable for damages resulting to the injured party. He acts at his peril, and his writ is not a justification for an act which it does not demand him to do

2. Proceedings by a purchaser at sheriff's sale under the Act of June 16, 1836, P. L. 755, to obtain possession of land sold by virtue of an execution, are directed against the defendant in the execution or those holding under his title, and if the sheriff in executing the warrant finds an adverse claimant in possession and ousts him therefrom, he becomes a trespasser.

3. The plaintiff in an execution against the alleged owner of a farm, purchased the same at sheriff's sale, and upon possession being refused instituted proceedings under the Act of June 16, 1836, to obtain possession. A jury of six men was summoned by the justice, and the case was duly tried, resulting in favor of the plaintiff in the execution. A warrant of the justice was then issued to the sheriff, commanding him to dispossess the defendant in the execution or anyone claiming under her, and to place the

plaintiff in the execution, and purchaser at sheriff's sale, in possession. When the sheriff attempted to execute the writ he found a party in possession, who claimed title adversely to the defendant in the first execution. The sheriff evicted this party, who subsequently recovered possession in an action of ejectment. This action was then brought by the party so evicted to recover damages against the purchaser at the sheriff's sale, and the sheriff and his deputies who had executed the writ. *Held,* plaintiff was entitled to recover against the sheriff and his deputies, particularly as it appeared that he was not in possession of the premises when the action was begun by the purchaser at sheriff's sale, and had not been served with any notice of the proceedings before the justice, and, therefore, had had no opportunity to establish his title in the way provided by the statute.

Argued May 26, 1913. Appeal, No. 16, May T., 1912, by plaintiff, from judgment of C. P. Fulton Co., Oct. T., 1906, No. 39, on directed verdict for certain defendants in case of William L. Moseby v. Daniel C. Fleck, Frank C. McClain, George Wilds, William L. Cunningham, Harry M. Edwards, Newton S. Edwards, Jesse B. McClain. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for illegal ouster from a farm. Before SWOPE, P. J.

The opinion of the Supreme Court states the facts.

The action was brought against Frank C. McClain, who had instituted the ouster proceedings, and against the sheriff, Daniel C. Fleck, and his deputies George Wilds, William L. Cunningham, Harry M. Edwards, Newton S. Edwards and Jesse B. McClain. Verdict for plaintiff against Frank C. McClain for $1,772.20. Verdict for defendants Fleck, Wilds, Cunningham, Harry M. Edwards, Newton S. Edwards and Jesse B. McClain, by direction of the court. Plaintiff appealed.

*Error assigned,* inter alia, was in directing a verdict in favor of the sheriff and his deputies.

*John P. Sipes* and *O. C. Bowers,* with them *William S. Hoerner,* for appellant.

*Charles Walter,* with him *J. N. Sipes, Frank P. Lynch, S. W. Kirk* and *J. H. Longenecker,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, June 27, 1913:

Abram G. Anderson was the owner of a farm in Wells township, Fulton County, and by deed dated August 7, 1894, he and his wife, Emma Anderson, conveyed the farm to Frank C. McClain, who, two days later, reconveyed it to the wife. The Andersons continued to live on the farm until January 25, 1902. On May 25, 1899, H. H. Ashman, administrator of Richard Ashman, deceased, obtained a judgment against Abram G. Anderson, in the Common Pleas of Fulton County. A writ of fieri facias was issued on this judgment and the farm was sold on March 16, 1901, to the plaintiff in the execution who by deed dated December 18, 1901, conveyed the land to William E. Moseby, the plaintiff in this action. Ashman's heirs also executed and delivered a deed to Moseby, dated February 14, 1902, conveying to him the same land. Moseby gave Abram G. Anderson notice to quit the premises on December 23, 1901, and on January 25, 1902, the Andersons vacated the premises and Moseby took possession.

Frank C. McClain obtained a judgment against Emma Anderson, issued execution thereon, and the sheriff sold the farm and conveyed it to McClain by deed dated October 12, 1901. Having given Mrs. Anderson three months' notice to quit the premises and deliver the same to him, McClain on January 20, 1902, began proceedings before a justice of the peace under the Act of June 16, 1836, P. L. 755 (2 Purd. 1588), to obtain possession. The justice issued his warrant to the sheriff commanding him to summon a jury of six men to appear before the justice on January 25th, and also to summon Emma Anderson to appear before him at the same time

to show cause why possession of the land should not be given to McClain. The sheriff returned that on January 21, 1902, he had summoned the jurors and also Emma Anderson, the defendant, being the tenant in possession of the premises. He further returned that he had served at the same time and place in like manner A. G. Anderson, husband of Emma Anderson. After a hearing at the time and place named in the summons, at which Emma Anderson was present, the necessary facts were found by the inquest and the justice awarded possession of the real estate to McClain, and entered judgment against Emma Anderson for six cents damages and costs of suit. On the same day the justice issued a warrant to the sheriff of the county commanding him to deliver the premises to McClain, and to levy the costs and damages awarded him. To this warrant the sheriff returned on March 10, 1902, that he had caused "the within named Frank C. McClain to have possession of the within described premises as within I am commanded." It appears by the evidence that when the sheriff and his deputies first went to the farm on January 25, 1902, they found only Moseby in possession, and he notified the sheriff that he had come into possession under Abram G. Anderson, that the premises did not belong to Emma Anderson, the defendant in the execution, but to him, and exhibited to the sheriff his deeds. The sheriff and his deputies left the premises but returned two days later and evicted Moseby. The plaintiff then brought an action of ejectment to recover possession of the property on the ground that the conveyance from Anderson through McClain to Anderson's wife was voluntary and in fraud of grantor's creditors, and recovered a judgment on which plaintiff was restored to the possession on July 9, 1906.

The present action is trespass, brought by Moseby, August 28, 1906, against McClain, who claims under Mrs. Anderson and who instituted the proceedings before the justice and the sheriff and his deputies who

executed the warrant of possession and evicted the plaintiff. The first trial of the cause resulted in a compulsory nonsuit. Plaintiff appealed and this court reversed the judgment and ordered a new venire: Moseby v. Fleck, 233 Pa. 102. The case was again tried and a verdict was rendered against the administrator of McClain, who had died in the meantime, and, by direction of the court, for the sheriff and his deputies, the other defendants. Judgment having been entered on the verdict, the plaintiff took this appeal.

The single question raised by the several assignments of error is whether under the facts of the case the sheriff and his deputies are protected by the justice's warrant in evicting the plaintiff from the premises in dispute. The appellant contends that the warrant did not afford the appellees protection for two reasons: (a) that the proceedings resulting in the issuing of the warrant were against Emma Anderson, the defendant in the execution on which the property was sold, and only authorized the delivery of the possession of the farm to McClain as against her or a party claiming under her and not as against Moseby, the appellant; and (b) the possessory proceedings before the magistrate were invalid for lack of jurisdiction because only six jurors were summoned and were present at the inquest. The appellees contend that the proceedings under the Act of 1836 are in rem, the whole object being to recover the possession of the premises; that Sections 114 to 117 of the Act of 1836 provide the method whereby a person claiming adversely to the defendant may prevent the proceedings; and that as the appellant failed to avail himself of these provisions of the statute he cannot hold the officer and his deputies liable for obeying the commands of the writ of restitution. The appellees further contend that the warrant was regular on its face and disclosed no want of jurisdiction in the justice, and that therefore it is sufficient to protect the officer and his deputies in this action.

We do not think the magistrate's warrant legally justified the sheriff and his deputies in ousting the appellant from the premises in dispute. It does not need the citation of authorities to sustain the proposition that a sheriff or other ministerial officer is protected in executing a valid writ according to its commands, but it is equally well settled that when he departs from its commands, he is a trespasser and liable for the damages resulting to the injured party. He acts at his peril, and his writ is not a justification for an act which it does not command him to do. As said by Mr. Justice DUNCAN, in Kuhn v. North, 10 S. & R. 399, 408, "the sheriff acts in all cases at his peril, and is answerable for any mistakes; infinite inconvenience would arise if it were not so." In the present case the sheriff clearly misapprehended the command of his writ, and his act in dispossessing the appellant under the circumstances was as clearly without authority of law as if he had not had the warrant which he now sets up as a defense in this action. The proceeding, culminating in the issuing of the warrant of possession, was instituted under the Act of 1836 to obtain possession of the land sold by virtue of an execution against Emma Anderson. The act provides that after the acknowledgment of a deed, the purchaser of such estate may "give notice to the defendant, as whose property the same shall have been sold, or to the persons in possession of such estate under him, by title derived from him subsequently to the judgment under which the same were sold, and require him or them to surrender the possession thereof to him, within three months from the date of such notice." If the defendant or any person in possession under him refuse to comply with the notice, the purchaser may present a petition to a justice of the peace setting forth that the defendant or person claiming under him is in possession and that notice to surrender possession has been given him, thereupon the justice is required to issue his warrant, in the nature of a summons, directed to

the sheriff commanding him to summon a jury to appear before the justice at a specified time and place, "and also to summon the defendant, or person in possession as aforesaid,. at the same time, to appear before him and the said jury, to show cause, if any he has, why delivery of the possession of such lands or tenements should not be forthwith given to the petitioner." If the inquest shall find these jurisdictional facts in favor of the petitioner, the justice is required to make a record thereof, and "award the possession of such real estate to the petitioner." The jury is required to assess damages "against such defendant or person in possession, for the unjust detention of the premises," for which the justice shall enter judgment with costs. He is then required to. issue his warrant to the sheriff commanding him to deliver possession of the premises to the petitioner and to levy the costs and damages assessed by the jury.

The purpose of the act, as is apparent, was to furnish a summary remedy to a purchaser at a sheriff's sale of land to obtain the possession held by the defendant in the execution or a party claiming under him. The proceeding from its inception to the delivery of possession is directed against the defendant in the execution or those holding his title. The purchaser gets whatever title the defendant may have by the sheriff's sale, and is entitled to the possession as against him or those claiming his title obtained subsequently to the judgment under which the property was sold. The warrant or execution issued on the judgment entered by the justice to the sheriff is a command to the officer to require the defendant or person under him to deliver possession to the purchaser and to pay the damages and costs. It is manifest that the writ cannot be executed as to the possession or damages and costs against a party in possession who is not the defendant or one who does not hold under him. When the sheriff in executing the warrant of possession finds an adverse claimant in possession of the premises his hand is stayed, and if he oust him from

the possession he becomes a trespasser and is responsible for the resulting consequences. His act is not simply an abuse of authority, but is without any authority whatever. A sheriff cannot by virtue of a habere facias possessionem in ejectment dispossess a party not holding under the defendant, and this is true, although the party come into possession subsequently to the issuing of the writ of ejectment: Krepps v. Mitchell, 156 Pa. 320. Certainly the sheriff's authority under a warrant of possession in a proceeding of this character is not greater or more comprehensive. In the Krepps case it was said (p. 322) : "Verdict and judgment having been obtained against Mitchell, a habere facias issued to put plaintiff in possession. This writ was of no force whatever against any one but Mitchell and those in privity of title with him, yet under it the sheriff ousted Ritchie who held under Thompson, and of course took away the latter's possession. For this there was no justification whatever. The sheriff's writ was against Mitchell, and unless he found Mitchell in possession, he was bound to ascertain whether the occupant held under him or not; and if not, his writ gave him no authority to go further...... It did not follow, as is argued, that because Mitchell was in possession at the commencement of the ejectment, and Thompson or his tenant got possession later, that they got it under Mitchell. It might have been got adversely, or even from plaintiff himself, for all that appears. How it was got, and by what title it was supported, Thompson was denied an opportunity of showing. He could not be dispossessed by such a proceeding."

It is contended by the appellees' counsel that Sections 114 to 117 of the act provide a method whereby a person claiming adversely to the defendant in the execution may prevent the proceedings before the justice, and that as the appellant did not avail himself of these provisions of the statute, he cannot hold the sheriff and his deputies liable for dispossessing him. These sec-

tions provide substantially that jurisdiction of the justice shall be ousted if the person in possession shall make oath that he did not come into possession and does not claim to hold under the defendant but in his own right, and shall become bound in recognizance as therein provided. And further, that if the person in possession shall make oath that he does not hold the premises under the defendant but under some other person, whom he shall name, the justice shall forthwith issue a summons to such person requiring him to appear, and if he does appear and make oath that he verily believe that he is legally entitled to the premises in dispute and that he does not claim under the defendant but by a different title, the justice shall forbear to give judgment. The learned counsel for the appellees fail to observe that these sections of the act can have no application to the facts of the present case. They cannot apply when the adverse claimant is not in possession at the time when the proceedings are instituted before the justice or at the latest prior to the hearing before the inquest. Here, Moseby, the appellant, gave notice to the defendant in the execution issued by him and under which the property was sold and the title was vested in him to deliver possession, but he did not obtain possesion until the day judgment was entered by the justice in the proceeding instituted by McClain. Conceding that a party in possession is required to proceed under the sections of the act above named to oust the jurisdiction of the justice, it is manifest that Moseby was not within their provisions. He was not in possession and hence he could not make the oath required by the statute. The Andersons and not Moseby were in possession until the day the justice issued his writ of possession, and on that day, as was said when the case was here before, Moseby "obtained the possession peaceably in the assertion of a right, and his forcible ejectment was an unwarranted proceeding."

The judgment in favor of Daniel C. Fleck, George Wilds, William L. Cunningham and Harry M. Edwards is reversed and a new venire awarded.