445 A.2d 801

**Gene REUBEN, Appellant,**

**v.**

**James L. O'BRIEN and Lawrence Rosenwald, a/k/a Lawrence Wm. Rosenwald and Aetna Casualty and Surety Co.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1981.

Filed May 14, 1982.

---

**2.** 18 Pa.C.S. § 3901 et seq.

Louis Lipschitz, Philadelphia, for appellant.

Robert Morris Cohen, Wyncote, for appellees.

Before SPAETH, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

In this trespass action, in which the complaint contained counts of libel and negligent infliction of emotional distress, it was alleged that Lawrence Rosenwald, a constable, had posted a notice for the judicial sale of Gene Reuben's property after the underlying judgment had been paid. Rosenwald filed preliminary objections to Reuben's complaint, including a demurrer which asserted, inter alia, that the actions were barred by the six month statute of limitations contained in 42 Pa.C.S. § 5522(b)(1). The trial court agreed and entered judgment for Rosenwald. Reuben appealed.[1]

"Because the lower court sustained [appellee's] preliminary objections in the nature of a demurrer to [appellant's] complaint, '[f]or purposes of appellate review, we must regard the allegations in [appellant's] complaint as true and accord them all the inferences reasonably deductible therefrom.' *National Building Leasing, Inc. v. Byler*, 252 Pa.Super. 370, 372, 381 A.2d 963, 964 (1977)." *Brockett v. Carnes*, 273 Pa.Super. 34, 36, 416 A.2d 1075, 1076 (1979).

1. Appellant's complaint also named as defendants the District Justice before whom the judgment had been recovered, and Aetna Casualty and Surety Company, who was the surety on Rosenwald's bond. The causes of action alleged against these parties are not at issue on the instant appeal. The action against District Justice O'Brien was dismissed because of judicial immunity, and no appeal, was taken. Following argument of the instant appeal, preliminary objections which had been filed by Aetna Casualty and Surety Company, were sustained by the court below on grounds that the insurance company was an improper party.

The complaint contains allegations as follows: On November 18, 1978, Eric Klein (not a party to the instant action) filed a complaint in assumpsit against Reuben in Magistrate's Court 38–1–02 in Elkins Park, Montgomery County, to recover the sum of $138.00 allegedly due and owing for dry cleaning services. On December 6, 1978, judgment was entered by District Justice James L. O'Brien against Reuben for the amount of the claim. Thereafter, on March 29, 1979, Klein filed a Request for an Order of Execution, and this was issued the same day by District Justice O'Brien. On the following day, Lawrence Rosenwald, the Constable of Cheltenham Township, served appellant with the Order of Execution and a "Schedule of Property Levied Upon and Set Aside." On April 3, 1979, Reuben went to the office of the District Justice and paid the entire amount of the judgment, plus costs. Despite this payment, on April 7, 1979, Rosenwald posted a notice of Constable's Sale on Reuben's mailbox. Appellant's complaint alleged further that appellant had suffered mental distress and embarrassment as a result of the constable's posting of her property and requested general and punitive damages. The complaint was filed on March 17, 1980. Preliminary objections in the nature of a demurrer challenged the existence of a cause of action for negligent infliction of emotional distress and asserted that, in any event, appellant's causes of action were barred by the statute of limitations contained in 42 Pa.C.S. § 5522(b)(1).

The relevant portion of 42 Pa.C.S. § 5522 provides:
(b) Commencement of action required.—The following actions and proceedings must be commenced within six months:

(1) An action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter.

Initially, we observe that unless a statute of limitations is a non-waivable defense, it is properly raised as new matter in a responsive pleading and not by means of preliminary objections in the nature of a demurrer. *Royal Oil &*

*Gas Corp. v. Tunnelton Mining Co.*, 444 Pa. 105, 282 A.2d 384 (1971); *Ziemba v. Hagerty*, 436 Pa. 179, 259 A.2d 876 (1969); Pa.R.C.P. 1017(b)(4). The limitation in 42 Pa.C.S. § 5522(b)(1), however, is not a waivable statute of limitations requiring affirmative pleading. It is a limitation which qualifies a substantive right by a condition of the time within which an action can be maintained. See *Kovachick v. Jennings*, 34 D. & C.2d 25 (C.P.Fay.1964), aff'd, 205 Pa.Super. 748, 209 A.2d 432 (1965); *Sahd v. Kiscaden*, 57 Lanc.L. Rev. 203 (1960). Moreover, appellant has not objected to the issue being raised by way of preliminary objections either in the trial court or on appeal, and it has been held that in such circumstances, we may proceed to a determination of whether appellant's action is barred by the statute of limitations. *Conaway v. 20th Century Corp.*, 491 Pa. 189, 420 A.2d 405 (1980); *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976); *Cooper v. Downingtown School District*, 238 Pa.Super. 404, 357 A.2d 619 (1976).

■ Appellant argues that the statute of limitations in 42 Pa.C.S. § 5522(b)(1) has no application to suits against constables. This argument is not persuasive. It is contrary to the language of the statute, as well as its legislative development and the goal of statutory consolidation manifested in the Judicial Code.

■ The statute of limitations by its terms applies to actions "against any officer of any government unit." A government unit is defined as "[t]he General Assembly and its officers and agencies, any government agency or any court or other officer or agency of the unified judicial system." 42 Pa.C.S. § 102. Included within the unified judicial system are "[a]ll courts and district justices and their jurisdiction ...." 42 Pa.C.S. § 301. A constable, charged with the responsibility of serving process and enforcing the judgments of the district court, is an officer of the unified judicial system. See, e.g., Rule 2 of Proposed Rules Governing Standards of Conduct of Constables, printed in the Appendix following 13 P.S. § 15. We conclude, therefore, that an action against a constable for anything

done in the execution of his or her office is subject to the six month statute of limitations found in section 5522(b)(1).

Our interpretation of the statute of limitations is consistent with the statutory law which governed actions against constables prior to the enactment of the Judicial Code. The official source note following 42 Pa.C.S. § 5522(b)(1) suggests that that provision was intended as a generalization of several prior statutory limitations, among them a separate statute of limitations applicable to Justices of the Peace and Constables. This prior statute of limitations was as follows:

> No action shall be brought against any justice of the peace, for anything done in the execution of his office, or against any Constable or other officer, or person or persons acting as aforesaid, unless commenced within six months after the act committed. (Emphasis added.) Act of March 21, 1772, 1 Sm.L. 364, § 7, 42 P.S. § 1017.[2]

The statute which we construe today is derived from and is intended to be a re-enactment of this provision. It seems unlikely that a legislature intending to consolidate prior laws affecting the judiciary and the judicial system would eliminate actions against constables from this statute of limitations. We conclude, therefore, that appellant's action for negligent infliction of emotional distress is clearly barred by this statute of limitations.[3]

The second count of the complaint alleges that appellee's conduct was an intentional and malicious libel committed for the purpose of exposing appellant to contempt and ridicule and reflecting adversely on her integrity and credit. According to these averments, if they be factually correct, appellee exceeded the authority of his office and under cover thereof committed an intentional tort. *See* 80 C.J.S. Sheriffs and Constables §§ 52, 146. *Cf. Moseby v. Fleck*, 242 Pa.

---

**2.** This statute was repealed absolutely by the Judiciary Act, Repealer Act, 42 Pa.C.S. § 20002(a)(19).

**3.** The trial court also concluded that the first count of the complaint, which alleged a negligent infliction of emotional distress, had failed to state a cause of action cognizable at law. We find it unnecessary to decide this issue.

154, 88 A. 940 (1913); *Oliver v. Wheeler*, 26 Pa.Super. 5 (1904). An action for a willful and malicious libel of this type is not subject to the limitation contained in 42 Pa.C.S. § 5522(b)(1). Such an action is subject to the one year limitation specified in 42 Pa.C.S. § 5523(1) for an action of libel.

Because appellant's complaint was filed within one year of the alleged libel, the trial court erred in dismissing the second count of the complaint.[4]

The order dismissing the first count of the complaint is affirmed. The order dismissing the second count (for libel) is reversed, and the matter is remanded for further proceedings.

**4.** Appellee's preliminary objections in the nature of a demurrer did not challenge the sufficiency of this cause of action, and we express no opinion with respect thereto.