### Peter SALANECK, et al.

### v.

### STATE TROOPER ERIC OLENA, et al.

### Civ. A. No. 81–1062.

United States District Court, E.D. Pennsylvania.

Jan. 26, 1983.

Frank P. Murphy, Norristown, Pa., for plaintiffs.

Carl Vaccaro, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiffs, complaining that their illegal arrests were accomplished through the use of excessive force, instituted this action against a plethora of Pennsylvania State officials and local police officers. Defendants, moving to dismiss all claims grounded in The Civil Rights Act of 1871, 42 U.S.C. § 1983[1], argue that the purportedly relevant statute of limitations, 42 Pa.C.S.A. § 5522(b)(1), requires that all such actions be brought within six months. Since more than that period of time elapsed between the accrual of plaintiffs' claim and the institution of suit, defendants assert that they are entitled to dismissal or summary judgment. We disagree and deny the motion.

Because § 1983 contains no statute of limitations, federal courts have historically applied the limitations period which would be applicable in the state court for an action seeking similar relief under state law. *Board of Regents v. Tomanio*, 446 U.S. 478, 483–89, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980); *Polite v. Diehl*, 507 F.2d 119, 122 (3d Cir.1974) (*en banc*); *Haefner v. Lancaster County*, 520 F.Supp. 131, 132 (E.D.Pa.1981), *aff'd*, 681 F.2d 806 (3d Cir.1982). Reasoning that Pennsylvania's six-month period within which to commence suit against "any offi-

---

1. Defendants' motion also urges that the Eleventh Amendment bars this action against the Pennsylvania State Police and the Pennsylvania State Game Commission; that we lack subject-matter jurisdiction over the claims asserted by plaintiffs Susan and Elizabeth Salaneck; that plaintiffs have failed to allege any class-based

animus sufficient to state a claim under 42 U.S.C. § 1985 and that defendants Johnson and Majewski were never properly served. Plaintiffs concur in this assessment. *See* plaintiff's Reply to Defendants' Motion to Dismiss, document 25.

cer or any government unit for anything done in the execution of his office", 42 Pa.C.S.A. § 5522(b)(1), supplies the appropriate statute of limitations, defendants argue that plaintiffs' action, brought beyond this temporal limit, is barred. In so urging, defendants assert that Pennsylvania has jettisoned the traditional § 1983 statute-of-limitations analysis and has substituted a specific limitation period which bars all suits against the Commonwealth, its political subdivisions and officers which are beyond the six-month period. This argument, although appearing meritorious cannot withstand principled scrutiny.

Claims of unlawful arrest and physical abuse while in police custody are viewed as most nearly resembling state tort actions for assault and battery and false arrest and imprisonment. *Haefner v. Lancaster County,* 520 F.Supp. at 132. Institution of suit for such claims must be within two years of accrual. 42 Pa.C.S.A. § 5524(1). Adoption of the six-month statute for claims against the Commonwealth and its agencies by the Pennsylvania legislature did not alter this rule. Rather, the new six-month statute of limitations establishes a time frame within which to bring *specified claims* against a specific class of defendant. The key issue for resolution is whether the claim at bar is the type of "specified claim" which is intended to be governed by the short limitation period.

Judge Luongo (now Chief Judge), in a careful and in-depth analysis of the statute in question, 42 Pa.C.S.A. § 5522(b)(1), established a two-step analysis to determine those civil rights claims which are properly subjected to the six-month period. He viewed the statute as complementing, rather than supplanting, the traditional analysis which courts employ in determining which statute of limitations to apply. Specifically, courts first identify the facts underlying the complained-of state action. If the state has provided a statute of limitations for the specific conduct at issue, then that specific

limitation period applies. Where, however, the state activity which forms the basis of the § 1983 claim does not admit to any specific limitation period, then reference must be made to 42 Pa.C.S.A. § 5522(b)(1) and the six-month limitation contained therein. *Clyde v. Thornburgh,* 533 F.Supp. 279, 284–88 (E.D.Pa.1982). So viewed, § 5522(b)(1) is merely "residuary in nature", Id. at 287 n. 11, and is not applicable where the "officer's conduct falls within another specific limitation" period. *Hassell v. City of Philadelphia,* 507 F.Supp. 814, 817 n. 3 (E.D.Pa.1981). *See also, Webster v. Great American Ins. Co.,* 544 F.Supp. 609, 612–13 (E.D.Pa.1982).

The fact that 42 Pa.C.S.A. § 5522(b)(1) "does not apply to actions against an officer for personal injury or any other conduct which is covered by a specific limitations provision", *Clyde v. Thornburgh,* 533 F.Supp. at 288, is further supported by *Reuben v. O'Brien,* 299 Pa.Super. 372, 445 A.2d 801 (1982). There, the Superior Court, interpreting the six-month limitation provision, reversed the trial court's dismissal of an action against a constable for libel. The *Reuben* court reasoned that because the tort of libel is subject to a specific limitation provision, 42 Pa.C.S.A. § 5523(1), the action was not barred by the six-month limitation period. *Id.* 299 Pa.Super. at 375, 445 A.2d at 803–04.

*Reuben* is, therefore, consistent with *Clyde* in its analysis.[2] Both courts considered the type of municipal conduct forming the basis of the suit and sought to determine and apply the statute of limitations specifically designated for the conduct there at issue. Where a specific limitation is provided by the legislature, both courts agree that it should be applied. Both courts also concur that the six-month limitation period provides only a residual statute of limitations which governs actions in the absence of any other specific limitation provision.

---

2. Defendants' reliance on the unpublished opinion of the Commonwealth Court in *Eshmont v. Commonwealth of Pennsylvania,* No. 1390 C.D. 1981 (November 24, 1981) is misplaced as the

language therein which appears to be supportive of defendants' position is properly characterized as "dictum". *Clyde v. Thornburgh,* 533 F.Supp. at 286.

In the case at bar, plaintiffs' claim arose in November, 1979; they instituted suit approximately sixteen months later. Since their § 1983 claim is most closely akin to the state law tort of false arrest and imprisonment and assault and battery, the motion to dismiss will be denied as suit was commenced within the prescribed two-year time limit. 42 Pa.C.S.A. § 5524(1).