Lawrence William Rosenwald, individually and on behalf of all constables in Montgomery County and the Commonwealth of Pennsylvania, Petitioner *v*. Alexander Barbieri, Court Administrator of Pennsylvania et al., Respondents. Pennsylvania State Constable Association, Inc., Intervening Party Respondent.

Argued September 14, 1982, before President Judge CRUMLISH, JR., and Judges ROGERS, BLATT, CRAIG and DOYLE.

*Robert Morris Cohen,* for petitioner.

*Howland W. Abramson,* with him *Charles W. Johns,* for respondents, Richard Lowe, James L. O'Brien and Alexander F. Barbieri.

*Marc G. Brecher,* Deputy Attorney General, with him *John O.J. Shellenberger,* Deputy Attorney General, Eastern Regional Director, and *LeRoy S. Zimmerman,* Attorney General, for respondent, Harvey Bartle, III.

*John P. Gregg,* with him *Gilbert P. High, Jr., High, Swartz, Roberts & Seidel,* for respondents, Robert Hannum and Commissioners of Cheltenham Township.

*Kevin P. O'Neill,* with him *Donald S. Guthrie* and *Roger Dale Morris, Jones, Guthrie, Strohm, Morris & Broadt,* for intervening party respondent, Pennsylvania State Constables Association.

OPINION BY JUDGE BLATT, February 14, 1983:

Before us are the respondents' preliminary objections to an amended complaint filed by petitioner Lawrence William Rosenwald individually and on behalf of all constables in Montgomery County and the Commonwealth of Pennsylvania.

A trespass action was filed in the Court of Common Pleas of Montgomery County, Pennsylvania, in which Gene Reuben sued the petitioner and James L. O'Brien for libel and negligent infliction of emotional distress. The petitioner was a constable initially appointed by the court of common pleas and later elected by the voters of Cheltenham Township and Mr. O'Brien was a District Justice presiding in Cheltenham Township. It was alleged that the petitioner posted a notice of Constable's Sale on Reuben's mailbox for execution of a judgment when, in fact, that judgment had been paid in full a week earlier. After being served with the complaint in the Reuben action, the petitioner contacted the Pennsylvania Department of Justice (now the Office of Attorney

General),[1] the Court Administrator of Pennsylvania,[2] the President Judge of Montgomery County,[3] District Justice O'Brien, and the President[4] of and the Board of Commissioners of Cheltenham Township, requesting that they furnish him with legal representation and be obligated to pay all judgments, if any,[5] entered against him. Each of these governmental or judicial bodies denied his request, and he has named them as respondents in the instant action in which he seeks a declaration as to their duty to provide him with legal representation and to pay any judgment entered against him. Before us now are the preliminary objections interposed by the respondents. We have permitted the Pennsylvania State Constable Association (Association) leave to intervene.

Preliminary objections in the nature of a demurrer admit all well-pleaded facts in the pleading attacked as well as all reasonable inferences deducible therefrom and cannot be sustained unless it is clear on the face of the pleading that the law will not permit the recovery sought, resolving all doubts in favor of overruling the demurrer. *Association of Pennsylvania State Colleges and University Faculties v. Commonwealth*, 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979).

---

[1] Then Acting Attorney General Harvey Bartle III, now LeRoy S. Zimmerman.

[2] Alexander Barbieri.

[3] President Judge RICHARD LOWE.

[4] Robert Hannum.

[5] In *Reuben v. O'Brien*, 299 Pa. Superior Ct. 372, 445 A.2d 801 (1982), the court held that Reuben's action for negligent infliction of emotional distress was barred by the six-month statute of limitation applicable to officers of any governmental unit. The court, however, held that Reuben's libel action was filed timely and remanded the matter to the court of common pleas for further proceedings.

The Attorney General, in his objection that the petitioner's amended complaint fails to state a cause of action against him, maintains that neither the then Department of Justice nor the present Office of the Attorney General had or has an existing statutory duty to provide legal representation to constables in trespass actions filed against them which allege libel and negligent infliction of emotional distress. He also argues that constables are merely local officials and that the Attorney General's duties are limited by law to the representation of Commonwealth government agencies and their employees.

The Petitioner and the Association in their briefs in opposition to the Attorney General's preliminary objection, state that Section 8525 of the Judicial Code, 42 Pa. C. S. §8525, provides for the legal representation requested of the Attorney General. Such section, in pertinent part, states:

§8525. Legal Assistance.

When an action is brought *under this subchapter* against an employee of the Commonwealth government, and it is alleged that the act of the employee which gave rise to the claim was within the scope of the office or duties of the employee, the Commonwealth through the Attorney General shall defend the action, unless the Attorney General determines that the act did not occur within the scope of the office or duties of the employee.... (Emphasis added.)

Any representation by the Attorney General, therefore, is conditioned upon the underlying action—here the Reuben action—being brought under Chapter 85, subchapter B of the Judicial Code, which is entitled "Actions Against Commonwealth Parties," and captioned "Sovereign Immunity." 42 Pa. C. S. §§8521-8528. It is evident, however, that the Reuben action was not

brought "under" any of the categories[6] of claims in which the defense of sovereign immunity could not be raised by the Commonwealth. We must, therefore, sustain this preliminary objection raised by the Attorney General and dismiss him from this action. To do otherwise would be to ignore the plain and unambiguous meaning of Section 8525 of the Judicial Code.[7]

The Court Administrator of Pennsylvania, the President Judge of the Court of Common Pleas of Montgomery County, and District Justice O'BRIEN, who have filed a joint preliminary objection and brief in this matter, maintain that the petitioner has failed to state a cause of action against each of them because: there is no inherent right to legal representation inuring to the benefit of a public officer; there is no rule or law which creates a duty for any of them to provide legal representation to constables; and the petitioner was not acting as an agent of the court system when he posted Reuben's property.

---

[6] These categories are: (1) Vehicle liability; (2) Medical-professional liability; (3) Care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) Potholes and other dangerous conditions; (6) Care, custody or control of animals; (7) Liquor Store Sales; and, (8) National Guard activities. 42 Pa. C. S. §8522(b)(1)-(8).

[7] As to any right of legal representation by the Attorney General in effect prior to the effective date of Section 8525 of the Judicial Code (and subchapter B of Chapter 85 of the same), we note that such subchapter's predecessor, 42 Pa. C. S. §5110, which was repealed by the Act of October 5, 1980, P.L. 693, set-forth categories of waiver of immunity identical to those enumerated in current Section 8522(b)(1)-(8) of the Judicial Code, (see footnote 6 supra) and similarly conditioned the Attorney General's duty to provide representation to Commonwealth government employees to those instances when such an employee was sued under one of these categories. Thus, we agree with the Attorney General's position that neither the Department of Justice under former 42 Pa. C. S. §5110 nor the Office of Attorney General under present 42 Pa. C. S. §8525 had or has a duty to provide legal representation to Constable Rosenwald.

As to whether or not a cause of action has been stated against the Court Administrator, it may be true that there is no inherent right to legal representation inuring to a public officer, absent a rule or statute providing for such right, but the gravamen of the petitioner's complaint and brief in this matter is that, pursuant to Rule 505(15) of the Pennsylvania Rules of Judicial Administration (Pa. R.J.A.) which were adopted by our Supreme Court on March 15, 1972, the Court Administrator has a duty to provide him with legal representation in the instant situation. This Rule provides as follows:

> The Administrative Office shall have the power and its duties shall be:
>
> ....
>
> (15) To provide to *personnel of the system* legal services and, when appropriate, representation by legal counsel. (Emphasis added.)

"Personnel of the system" is defined in Rule 102 of Pa. R.J.A. as

> Judges and other judicial officers, their personal staff, the administrative staff of courts and justices of the peace, and the staff of the Administrative Office and other central staff.

The Court Administrator argues that, inasmuch as constables are not expressly mentioned in the definition of "personnel of the system," they must not have been intended to be afforded legal representation and they fall within the definition of "related staff" under Rule 102 of Pa. R.J.A. which encompasses:

> All individuals employed at public expense who serve the unified judicial system, but the term does not include personnel of the system.

As further proof of this proposition, the Court Administrator cites the definition of "systems and related personnel" contained in Rule 102 which defines in pertinent part, such term as:

Personnel of the system *and* related staff. The term includes district attorneys, public defenders, sheriffs and *other officers serving process or enforcing orders*, registers of wills, prothonotaries.... (Emphasis added.)

Clearly, the term "systems and related personnel" is much broader than "personnel of the system." The former includes *both* the latter *and* "related staff." This being so, the flaw we find with the Court Administrator's objection is that the reference in the definition of "systems and related personnel" to "other officers [i.e. constables][8] serving process or enforcing orders" does not sufficiently delineate to *which* group — either "personnel of the system" or "related staff" — these "other officers serving process. or enforcing orders" belong. The issue, therefore, is whether or not under the definition of "personnel of the system" provided in Rule 102 of Pa. R.J.A., constables are members of the "administrative staff of ... justices of the peace" and are therefore afforded the right to legal representation as set forth in Rule 505(15) of Pa. R.J.A. We believe that constables are members of the administrative staff of justices of the peace and therefore that the petitioner has stated a cause of action on this issue. Accordingly, we will therefore overrule the Court Administrator's preliminary objection on this point.

The Court Administrator's next preliminary objection is that constables are not officers of the unified judicial system and that in any event the petitioner was not acting as an agent of the system[9] when he posted Reuben's property but rather as an agent of the

---

[8] We note that the Court Administrator in his brief admits that constables function as "officers enforcing orders of the court."

[9] Rule 505(15) of Pa. R.J.A. provides legal representation to "personnel of the system." "System" is defined in Rule 102 of Pa. R.J.A. as "[t]he unified judicial system of this Commonwealth."

judgment creditor. The unified judicial system is provided for by Pa. Const. art. V, §1:

> The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court, the Superior Court, the Commonwealth Court,... All Courts and Justices of the Peace and their jurisdiction shall be in this unified judicial system.

In *Reuben v. O'Brien*, 299 Pa. Superior Ct. 372, 376, 445 A.2d 801, 803 (1982), the place of the constable in the system was described as follows:

> Included within the unified judicial system are "[a]ll courts and district justices and their jurisdiction...." 42 Pa. C. S. §301. *A constable, charged with the responsibility of serving process and enforcing the judgments of the district court, is an officer of the unified judicial system.* See, e.g., Rule 2 of Proposed Rules Governing Standards of Conduct of Constables, printed in the Appendix following 13 P.S. §15. (Emphasis added.)

Accordingly, this second preliminary objection by the Court Administrator must be overruled.

The Court Administrator further objects that the petitioner was not acting as an agent of District Justice O'BRIEN and therefore of the unified judicial system[10] when he posted the Reuben property, but rather as an agent of the judgment creditor. In the petitioner's amended complaint he states that he is "being sued for acts arising while [he] was performing his duties as Constable and/or agent for defendant [District Justice] O'Brien." Remembering that a preliminary objection in the nature of a demurrer admits all well-pleaded facts in the attacked pleading as true, *Association of*

---

[10] It is undisputed that the office of District Justice is included within the unified judicial system. 42 Pa. C. S. §301.

*Pennsylvania State Colleges and University Faculties*, this objection is inconsistent with what we must accept as indicative of the nature of the relationship between District Justice O'BRIEN and the petitioner involved in the Reuben incident.[11] It must also, therefore, be overruled.

Concerning the preliminary objections of the President Judge of the Court of Common Pleas of Montgomery County and District Justice O'BRIEN, there is no law or rule which creates a duty for either of them to provide legal representation to constables. Clearly, therefore, whether or not either should provide legal representation to such officer is a question whose solution lies with the legislature, and we must sustain their preliminary objections and dismiss them from this action.

The President and the Board of Commissioners of Cheltenham Township, in their preliminary objection that the petitioner failed to state a cause of action against them, maintain that, although a constable is elected by the voters of the municipality in which he serves, he is not a *local* government employee entitled to legal representation under 42 Pa. C. S. §8547. This section in pertinent part provides:

> Legal Assistance.
>
> (a) Mandatory provision of legal assistance generally. — When an action is brought *against an employee of a local agency* for damages on account of any injury to a person or property, and it is alleged that the act of the employee which gave rise to the claim was within the scope of the office or duties of the employee,

---

[11] Additionally, we note that Rule 17 of the Rules of Civil Procedure for Justices of the Peace and the *Reuben* case suggest that constables are first and foremost agents of the unified judicial system.

the local agency shall, upon the written request
of the employee, defend the action....

These local government respondents argue, therefore, that a constable is a ministerial officer of the court whose primary duty and responsibility is to the unified judicial system, and not to them. And it appearing that there are no other statutes or rules which would impose a duty to provide the petitioner with legal representation on the President and the Board of Commissioners of Cheltenham Township, we must likewise sustain their preliminary objection and dismiss them from this action.

## ORDER

AND, Now, this 14th day of February, 1983, it is hereby ordered in the above-captioned matter that the preliminary objections of the Attorney General of Pennsylvania, the President Judge of Montgomery County, District Justice O'BRIEN, and the President and Board of Commissioners of Cheltenham Township are hereby sustained due to the petitioner's failure to state a cause of action against them, and the said respondents are hereby dismissed from this action.

It is further ordered that the preliminary objections of the Court Administrator of Pennsylvania are overruled.