**MERV SWING AGENCY, INC., et al.**

v.

**The GRAHAM COMPANY.**

Civ. A. No. 83–2959.

United States District Court,
E.D. Pennsylvania.

Oct. 6, 1983.

Joseph S. Chizik, Philadelphia, Pa., for Merv Swing Agency, Inc.

Manfred Farber, Philadelphia, Pa., for The Graham Co.

## MEMORANDUM

GILES, District Judge.

Plaintiff brings this diversity action pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Pa.Stat.Ann. tit. 73, § 201–1 *et seq.* (Purdon Supp.1976). Plaintiff also asserts a claim against defendant for malicious defamation of its business. Defendant has moved to dismiss the complaint on the grounds that plaintiff's action is barred by 42 Pa.Cons. Stat.Ann. § 5523 (Purdon 1976) and Pa. Stat.Ann. tit. 73, § 201–9.2(a) (Purdon Supp.1976). Section 5523 contains a one year statute of limitations on actions for libel. Section 201–9.2(a) limits private actions under the Unfair Trade Practices Law. For the following reasons, defendant's motion shall be granted.

## I. BACKGROUND

Plaintiff, Merv Swing Agency, is an insurance broker and agency. For more than twenty years, Mervin Swing, Jr., now the President of the Merv Swing Agency, has handled the insurance needs of the Parkway Corporation. Plaintiff alleges that the defendant, Graham Company, prepared and issued a statement to the Parkway Corporation in January or February of 1982, intentionally misrepresenting the extent of insurance coverage plaintiff had been providing to Parkway. Specifically, defendant's statement allegedly exposed a "gap" in insurance coverage which could

possibly expose Parkway to substantial liability. Plaintiff asserts that this gap in coverage does not exist and that the statement was intended to cause, and did cause Parkway to transfer its business to the defendant's insurance agency.

On June 1, 1983, plaintiff commenced this diversity action for libel based on defendant's false analysis of plaintiff's services to Parkway and also alleging a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

## II. DISCUSSION

■ An action for libel must be commenced within one year after a cause of action arises. 42 Pa.Cons.Stat.Ann. § 5523. *See Zions First National Bank N/A v. United Health Clubs,* 533 F.Supp. 1127, 1141 (E.D.Pa.1982), *modifying on other grounds,* 704 F.2d 120 (3d Cir.1983); *Reuben v. O'Brien,* 299 Pa.Super. 372, 378, 445 A.2d 801 (1982). A cause of action arises and the statute of limitations begins to run upon the occurrence of the final significant event necessary to make the claim suable. *Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co.,* 372 F.2d 18, 20 (3d Cir.1966), *cert. denied,* 387 U.S. 930, 87 S.Ct. 2053, 18 L.Ed.2d 992 (1967), *citing, Foley v. Pittsburgh-Des Moines Co.,* 363 Pa. 1, 68 A.2d 517 (1949).

■ In *Zions First National Bank, supra,* the court barred the plaintiff's libel claim under § 5523, noting that the last communication between the parties had taken place more than one year prior to commencement of the action. 533 F.Supp. at 1127. In the present action, the final significant event, and indeed the only one complained of, is the issuance of the false statement made in January or February of 1982. Assuming, *arguendo,* that defendant's statement was issued at the end of February, 1982, plaintiff's action, which was commenced sixteen months later, is time barred under § 5523.

■ Section 5523 is equally applicable to bar plaintiff's claim under Pa.Stat.Ann. tit. 73, § 201–2(4)(viii). This statute makes the disparagement of the services or business of another by false or misleading representations of fact, an "unfair method of competition" or an "unfair or deceptive act or practice." This action for false representation of fact is essentially a claim for libel. Consequently, § 5523 applies and this claim must also be brought within one year after the cause of action arose.

■ Even if plaintiff's claim under the Unfair Trade Practices Law were not time barred, such an action would be barred by application of Pa.Stat.Ann. tit. 73, § 201–9.-2(a). Section 201–9.2(a) provides a private cause of action to recover damages resulting from acts or practices declared unlawful by § 201–3 and defined in § 201–2(4) of the Act. *Layton v. Liberty Mutual Fire Insurance Co.,* 530 F.Supp. 285, 286 (E.D. Pa.1981). Although a private cause of action exists for disparagement of services by false or misleading representations of fact, as defined in § 201–2(4)(viii) under which the plaintiff has proceeded, § 201–9.-2(a) imposes a limitation upon who may bring such an action to recover damages. A private cause of action under the Unfair Trade Practices and Consumer Protection Law is available only to consumers who have purchased goods or services for personal, family, or household purposes. Pa. Stat.Ann. tit. 73, § 201–9.2(a). *See Zerpol Corp. v. DMP Corp.,* 561 F.Supp. 404, 415 (E.D.Pa.1983); *Klitzner Industries, Inc. v. H.K. James & Co.,* 535 F.Supp. 1249, 1258 (E.D.Pa.1982); *Permagrain Products, Inc. v. U.S. Mat & Rubber Co.,* 489 F.Supp. 108, 111 (E.D.Pa.1980).

Plaintiff in this action, therefore, would be barred from bringing suit under Pa.Stat. Ann. tit. 73, § 201–2(4)(viii) as it is a business competitor and not a purchaser of goods or services for personal, family or household use.

For the foregoing reasons, defendant's unopposed motion to dismiss plaintiff's complaint will be granted.

An appropriate order follows.