462 A.2d 644

Lawrence William ROSENWALD, Individually and on behalf of all constables in Montgomery County and the Commonwealth of Pennsylvania, Appellant on No. 30 E.D., Appeal Docket, 1983, Appellee on No. 31 E.D., Appeal Docket, 1983,

v.

Alexander F. BARBIERI, Court Administrator of Pennsylvania, Appellee on No. 30 E.D., Appeal Docket, 1983, Appellant on No. 31 E.D., Appeal Docket, 1983.

Supreme Court of Pennsylvania.

Argued May 24, 1983.

Decided July 5, 1983.

Reargument Denied Sept. 2, 1983.

Robert Morris Cohen, Wyncote, for appellant in No. 30 E.D.

Kevin P. O'Neill, Media, for appellant (intervening) in No. 30 E.D.

Howland W. Abramson, Philadelphia, for appellant in No. 31 E.D.

Marc G. Brecher, Philadelphia, for appellee Bartle.

Gilbert P. High, Jr., John Gregg, Norristown, for appellee Cheltenham Tp.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

Plaintiff, Lawrence Rosenwald, is an elected constable of Cheltenham Township, a first class township in Montgomery

County. He and Cheltenham Township District Justice James O'Brien were sued in the Court of Common Pleas of Montgomery County by Gene Reuben. The complaint was filed on March 17, 1980. Reuben alleged that Eric Klein filed a complaint against her in District Justice O'Brien's court on November 18, 1978 claiming $138.00 for dry cleaning services allegedly rendered, that a judgment was entered for Klein in the amount of the claim on December 6, that an Order of Execution was issued on March 29, 1979, that Reuben paid the judgment and costs on April 3, and that despite such payment[1], Plaintiff posted a notice of a constable's sale on Reuben's property on April 7.

Reuben further asserts that she was libeled and suffered mental distress and embarrassment. The action against the District Justice of Montgomery County was dismissed on the basis of judicial immunity. The action against Plaintiff was dismissed on the basis of the statute of limitations. Reuben appealed as to Plaintiff (Rosenwald) only. The Superior Court held that the claim of improper action on the part of the Plaintiff in his capacity of constable was subject to the six month limitation period for actions against officers of the government for acts done in the execution of their office, Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, effective June 27, 1978, § 5522, 42 P.C.S.A. § 5522, and was therefore barred. The court also held that the part of the complaint claiming intentional and malicious libel for the purpose of exposing Reuben to contempt and ridicule and reflecting adversely on her integrity and credit alleged an intentional tort committed outside the scope of Plaintiff's office, was subject to the one year limitation period for libel actions, Judicial Code, § 5523, 42 P.C.S.A. § 5523, and was not barred. The case was remanded for further proceedings, *Reuben v. O'Brien,* 299 Pa.Super. 372, 445 A.2d 801 (1982).

1. Although the issue of prior payment by Reuben was raised collaterally, it has no bearing in the disposition of the issues now or previously before this Court.

Plaintiff claims he is entitled to be provided with legal representation for the defense of Reuben's suit against him and to have any judgment against him paid. He filed an action against five defendants in the Commonwealth Court seeking a declaratory judgment as to which defendant, if any, is required to represent him. The defendants so named are Court Administrator (Alexander Barbieri; Appellant here, hereafter Administrator), the Attorney General of Pennsylvania, the President Judge of the Court of Common Pleas of Montgomery County, District Justice of Montgomery County, and Cheltenham Township. All the defendants filed preliminary objections in the nature of a demurrer. The Commonwealth Court overruled the preliminary objections as to the Court Administrator and sustained the objections as to all other defendants, 72 Pa.Cmwlth. 49, 456 A.2d 677. We granted the Administrator permission for an interlocutory appeal from the Order of the Commonwealth Court insofar as it overruled his preliminary objections. Plaintiff filed a separate appeal asserting error in the Commonwealth Court's sustaining of the preliminary objections as to the other named defendants. We consolidated Plaintiff's appeal with that of the Administrator. An Order dismissing preliminary objections is interlocutory, *Marshall v. Powers,* 477 Pa. 306, 383 A.2d 946 (1978), but an Order sustaining them is not, *Estate of Gasbarini v. Medical Center of Beaver County, Inc., Rochester Division,* 487 Pa. 266, 409 A.2d 343 (1979). In reviewing the decision, we will follow the standard set forth in *Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976), where we held that a demurrer to a complaint admits all well-pleaded facts averred in the complaint and that in order for the demurrer to be sustained, the complaint must indicate on its face that the claim cannot be satisfied and the law will not permit recovery.

As to the asserted claim against the President Judge of the Court of Common Pleas and District Justice of Montgomery County, the Commonwealth Court dismissed Plaintiff's complaint on the basis that "there is no law or rule which creates a duty for either of them to provide legal

representation to constables". There is in fact no such legal proviso that requires representation. That being so, we find that the Plaintiff has not established a right to representation. The Commonwealth Court was therefore correct in sustaining the preliminary objections as relates to the Court of Common Pleas of Montgomery County and the District Justice of Montgomery County.

The claims against the other named defendants cannot be dealt with in this fashion because the law does provide under certain circumstances representation by the Court Administrator, the Attorney General of Pennsylvania, and municipalities. It will be necessary to examine specific state provisions and their application to representation of constables.

■ The obligations of the Attorney General of Pennsylvania to provide legal defense, which Plaintiff claims cover him, are contained in the Judicial Code, Chapter 85, Subchapter B, added by October 5, 1980, P.L. 693, No. 142, § 221(*1*), 42 P.C.S.A. §§ 8521–8528. These provisions allow suits against the Commonwealth without the bar of the sovereign immunity in certain enumerated situations, 42 P.C.S.A. § 8522(b). It is provided in 42 P.S. § 8525 that:

> When an action is brought under this subchapter against an employee of the Commonwealth government, and it is alleged that the act of the employee which gave rise to the claim was within the scope of the duties of the employee, the Commonwealth through the Attorney General shall defend the action, unless the Attorney General determines that the act did not occur within the scope of the office or duties of the employee.

This section provides for representation by the Attorney General of Pennsylvania only for employees of the Commonwealth. For purposes of lawsuits covered by this provision, an employee is defined in 42 P.S. § 8501 as:

> Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without the territorial boundaries of the government unit,

including any volunteer fireman and any elected or appointed officer, member of a governing body or other person designated to act for the government unit. Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit.

Plaintiff was neither acting for nor under the control of the Commonwealth. Therefore, he cannot be considered to have been an employee of the Commonwealth.

As to the Administrator, Plaintiff cites Rule of Judicial Administration 505, which states that "The Administrative Office (of Pennsylvania Courts) shall have the power and its duties shall be (inter alia) to provide to *personnel of the system* (emphasis added) legal services and, when appropriate, representation by legal counsel".

Rule 102 defines "personnel of the system" as "judges and other judicial officers, their personal staff, the administrative staff of courts and justices of the peace, and the staff of the administrative office and other central staff".

Rule 102 defines "*related staff*" (emphasis added) as "all individuals employed at public expense who serve the unified judicial system ... (other than) personnel of the system". It defines "system and related personnel" as:

Personnel of the system and related staff. The term includes district attorneys, public defenders, sheriffs and other officers serving process or enforcing orders, registers of wills, prothonotaries, excluding prothonotaries of the Supreme Court, Superior Court and the Commonwealth Court of Pennsylvania, clerks of the courts, clerks of the orphan's court division, prison and correctional officials, and the personnel of all of the foregoing.

We find that the term "related staff" covers those whose function aids the judicial process but who are not supervised by the courts. These definitions, clearly distinguish between "personnel of the system" and "related staff". Under the definitions, we find that Plaintiff is included in "related staff" and not "personnel of the system". As we find that a

constable is by definition included in the related staff, we conclude that constables are not by definition "Personnel of the System", which would permit representation as set forth under Rule 505 of Judicial Administration. As the Plaintiff is not included in "personnel of the system", he is not among those whom the administrator is obligated to provide with legal representation.

■ In determining whether Plaintiff is entitled to be provided with legal representation by Cheltenham Township, we must first determine whether he is an officer or employee of the township. Plaintiff claims that he is covered by the Judicial Code, 42 P.C.S.A. § 8547:

**(a) Mandatory provision of legal assistance generally.** —When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and it is alleged that the act of the employee which gave rise to the claim was within the scope of the office or duties of the employee, the local agency shall, upon the written request of the employee, defend the action, unless or until there is a judicial determination that such act was not within the scope of the office or duties of the employee.

**(b) Optional provision of legal assistance generally.** —When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and it is not alleged that the act of the employee which gave rise to the claim was within the scope of his office or duties, the local agency may, upon the written request of the employee, defend the action, and such undertaking to defend thereafter may be withdrawn only with the approval of the court. If the local agency has refused a written request to defend the action, and it is judicially determined that the act was, or that the employee in good faith reasonably believed that such act was, within the scope of the office or duties of the employee and did not constitute a crime, actual fraud, actual malice or willful misconduct, the local agency shall reimburse the employee for the expenses of his legal

defense in such amounts as shall be determined to be reasonable by the court.

The Code provides at 42 P.S. § 8548 that:

> When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an act of the employee caused the injury and such act was, or that the employee in good faith reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment on the suit.

The definition of an employee as quoted in § 8501 is applicable under the terms of that section to actions against any governmental unit, including a local agency. We find that Plaintiff was neither acting on behalf of nor under the control of Cheltenham Township and was, therefore, not an employee of the township. Service of process in a case before a District Justice may be made by any constable in the county where the magisterial district is located, Rule of Civil Procedure for District Justices 307. Plaintiff could serve process in a case not being tried in the magisterial district where Cheltenham Township is located and not otherwise having anything to do with the township. The township does not have the ability to control Plaintiff's activities, regardless of which magisterial district he is working in. We note further that a constable is not paid by the municipality, but is compensated by fees for services, Act of July 20, 1917, P.L. 1158, as amended, 13 P.S. § 61. We also note the First Class Township Code Act of June 24, 1931, P.L. 1206, Art. V. § 503, as amended, 53 P.S. § 55503, which enumerates the elected officers of the township and does not include the constable. (The Code) "... does not include any provisions, and shall not be construed to repeal any act, relating to ... (inter alia) constables", Art. I., § 103, as amended.

We find, therefore, that the Plaintiff is not entitled to any representation from the named defendants. This Court is

being requested to do by judicial fiat what is rightfully the perogative and responsibility of the legislative branch of government. Heretofore, specific provisions have been made to provide legal representation. See, e.g., The County Code, Act of August 9, 1955, P.L. 323, § 1213, as amended, 16 P.S. § 1213, relating to sheriffs.

The Order of the Commonwealth Court is affirmed insofar as it sustained the preliminary objections of Attorney General of Pennsylvania, the President Judge of the Court of Common Pleas of Montgomery County, the District Justice of Montgomery County, and Cheltenham Township. The Order is reversed insofar as it overruled the preliminary objections of the Administrator.

LARSEN, J., dissents.

NIX, J., did not participate in the consideration or decision of this case.

HUTCHINSON, J., did not participate in the decision of this case.