## Faiella v. Bangor Punta Corporation

*Richard J. Shubert,* for plaintiff.

*D. L. Gropp,* for defendant Sol Oliver Neft.

*Robert L. Allman,* for defendant Bangor Punta Corp.

MANNIX, *J.,* February 7, 1985 — This matter is before the court on preliminary objections in the nature of demurrers filed by defendants, Bangor Punta Corporation and Sol Oliver Neft. Suit was filed in the present action by writ of summons in trespass filed June 13, 1984. Defendant Bangor Punta filed preliminary objections on November 20, 1984, as did defendant Neft on December 6, 1984. Said preliminary objections were orally argued in open court on January 21, 1985.

Plaintiffs, in their complaint, allege that on June 12, 1984, plaintiff Anthony Faiella, then 14 years of age, was unintentionally struck in the head by a bullet from a Smith & Wesson .44 caliber Magnum handgun fired by one Edward Bartoles as the latter was target shooting at a tree or tree stump, in a wooded area of Aliquippa, Pa., known as Temple Hollow. Defendant Bangor Punta is the manufacturer, seller and/or distributor of said handgun while defendant Neft is a retailer of handguns and, in fact, sold the subject gun to Bartoles.

Plaintiffs seek recovery from defendants based on two alternative theories. The first (under Count One) is that at the time of the sale of said handgun (a) it "was in a defective condition *in that* it was inherently dangerous and unsafe when used in the way it was intended to be used" and (b) the handgun was defective *in that* it was unaccompanied by adequate warnings as to its inherent dan-

gers and safe usage. Secondly (under Count Two), plaintiffs contend that selling and/or distributing handguns to the general public is an abnormally dangerous or ultrahazardous activity for which strict liability ought to be imposed.

When considering a preliminary objection in the nature of a demurrer, the issue is whether, on the facts averred, the law would permit recovery. Bartanus v. Lis, 332 Pa. Super. 48, 480 A.2d 1178 (1984); Rosenwald v. Barbieri, 462 A.2d 644 (1983). A demurrer admits every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not conclusions of law. Bartanus, supra; Tanenbaum v. Sears, Roebuck and Co., 265 Pa. Super. 78, 401 A.2d 809 (1979). A demurrer can be sustained only in cases that are free from doubt. Bartanus, supra; Tanenbaum, supra.

Plaintiffs' Count One is based on section 402A of the Restatement (Second) of Torts, which states:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product; and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Considering the second aspect of plaintiffs' Count One, the Supreme Court of Pennsylvania has held:

"Where . . . the lethal propensity of a gun was known or should have been known to the user, liability cannot be imposed upon the manufacturer merely because the manufacturer allegedly has failed to warn of that propensity." Sherk v. Daisy-Heddon, 498 Pa. 594, 450 A.2d 615, 618 (1982). The lethal propensity of a .44 caliber Magnum was known or certainly should have been known to Bartoles. Therefore, defendants cannot be liable for failure to warn or instruct as to the inherent dangers of a .44 caliber Magnum. Accord, Brown v. Caterpillar Tractor Co., 741 F.2d 656 (1984).

Plaintiffs' first argument in connection with Count One will also not give rise to liability. Plaintiffs allege that handguns are, in fact, defective even though used as they were intended but conceded during oral argument that there is no Pennsylvania law or case that holds this way. Defendant correctly states Pennsylvania products liability law as set forth by the Supreme Court in Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 337 A.2d 893 (1975); namely, that manufacturers are not required to design products incapable of injuring the user or those who might reasonably come into contact with the product. Nor will a manufacturer be held strictly liable merely because a product is inherently dangerous. Pegg v. General Motors Corp., 258 Pa. Super. 59, 391 A.2d 1074 (1978). Plaintiffs have alleged no defect and, therefore, can receive no relief under §402A.

Plaintiffs' Count Two is based on Sections 519 and 520 of the Restatement (Second) of Torts, which state:

"[519] (1) One who carries on an abnormally dangerous activity is subject to liability for harm to the

person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.

(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.

[520] In determining whether an activity is abnormally dangerous, the following factors are to be considered:

(a) existence of a high degree of risk of some harm to the person, land or chattels of others;

(b) likelihood that the harm that results from it will be great;

(c) inability to eliminate the risk by the exercise of reasonable care;

(d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on; and

(f) extent to which its value to the community is outweighed by its dangerous attributes."

The sale of firearms is not an ultrahazardous activity for the purposes of Sections 519 and 520. We agree with the reasoning in a recent Illinois trial court decision:

"Cases requiring liability impose liability for the ultrahazardous activity as a result of the *use* of the product. To recognize liability of a manufacturer or distributor would virtually make them the insurer for such products as explosives, hazardous chemicals or dangerous drugs even though such products are not negligently made nor contain any defects. Although such a social policy may be adopted by the legislature it ought not to be imposed by judicial decree." Riordan v. International Armament Corp., 81 L 27923, slip op. at 3 (Circuit Court Cook County, Law Division, July 21, 1983) cited in Martin v.

Harrington and Richardson Inc., 743 F.2d 1200, 1204 (1984)."

- We are satisfied that this is also the law of Pennsylvania. No court of this Commonwealth has even imposed liability on the manufacturer of a nondefective product. The harm suffered in the present case is not of the type that can be redressed by a resort to the strict liability provisions of sections 519 and 520. To adopt plaintiffs' interpretation of these sections would give the doctrine of absolute liability an unduly expansive meaning.

Plaintiffs rely on the holding in Richman v. Charter Arms Corp., 571 F.Supp. 192 (1983) in which the United States District Court, Eastern District of Louisiana, stated that the argument here set forth by the plaintiff is "not without legal merit." Plaintiffs concede that Richman is the only case in which his argument has received even tepid acceptance. We find the decisions cited by defendants to be more to the point. These state that the manufacturer or retailer of a nondefective firearm cannot be held liable under doctrines of absolute or strict liability for damage caused by their products. Martin, supra; Mavilia v. Stoeger Industries, 574 F.Supp. 107 (1983); Moore v. R.G. Industries, No. C-82-1417-MHR (N.D.Ca. 1984); Bennet v. Cincinnati Checker Cab Co. Inc., 353 F.Supp. 1206 (E.D.,Ky. 1973). Thus, plaintiffs' Count two does not state a cause of action upon which relief can be granted.

For the foregoing reasons, the following order is entered.

## ORDER

And now, this February 7, 1985, it is ordered and decreed as follows:

1. The preliminary objection of defendant, Bangor Punta Corporation, in the nature of a demurrer is sustained.

2. The preliminary objection of defendant, Sol Oliver Neft t/d/b/a Sol's Stores and/or Sol Neft Sporting Goods and/or Sol's Sporting Goods, in the nature of a demurrer, is sustained.