OPINION JUSTICE WECHT In this appeal, we decide whether the office of Stacy Parks Miller - (“Parks Miller”), the District Attorney of Centre County, Pennsylvania, is -an “office or entity of the unified judicial system” and thus properly classified as a “judicial agency” for purposes of application of Pennsylvania’s Right-to-Know . Law, 65 P.S. §§ 67.101-67.3104 (“RTKL”).[1] • Under the RTKL, only the financial records of a judicial agency are subject to disclosure in response to RTKL requests. 65 P.S. § 67.304. Parks Miller contends that this limitation upon the scope of disclosure of judicial records applies to district attorneys. In a unanimous, published en banc opinion, the Commonwealth Court concluded that a district attorney’s office is not a “judicial agency” for purposes of the RTKL. Miller v. Cty. of Centre, 135 A.3d 233 (Pa. Cmwlth. 2016) (en banc). In arriving at this conclusion, the Commonwealth Court turned to the definitions of “personnel of the system,” “related staff,” “county staff,” and “system and related personnel” in the definitions section of the Pennsylvania Judicial Code, 42 Pa.C.S. § 102. The Commonwealth Court determined that a district attorney’s office is “county staff’.and “related staff,” ie., two categories. which are expressly excluded from the Judicial Code’s definition of “personnel of the system.” We agree with the Commonwealth Court. Examination of the RTKL, the definitional section of the Judicial Code, 42 Pa.C.S. § 102, and the definitions provided in our Rules of Judicial Administration, demonstrate that a district attorney’s office is not a “judicial agency” for purposes of the RTKL. Accordingly, we affirm. I. Background A. Factual History Between 2014 and 2015, several Centre County criminal defense attorneys submitted separate RTKL requests to Centre County (“County”) seeking emails, text messages, instant messages, and/or other electronic communications exchanged between Parks Miller and certain members of the Centre County judiciary, including Court of Common Pleas Judge Jonathan Grine and Magisterial District Judge Kelley Gillette-Walker (collectively, the “Judges”). The RTKL requests also asked the County to produce a log of text messages, phone calls, and voicemail messages, including the date and time of each call/ text message, the duration of the call, and the substance of the text message/voice-mail, if available. The County responded to the RTKL requests without notifying Parks Miller or the Judges. Am. Compl., ¶¶27, 38. The County produced, inter alia, electronic billing information provided to it by Verizon and created color-coded spreadsheets that tracked usage between the Judges and Parks Miller’s office, including the time, date, length of call, and type of communication (call or text). Id., ¶ 25. The spreadsheets did not reveal the content of the communications. Because Parks Miller’s office email resides on the County’s server, the County also read her emails during the relevant periods, determined which were subject to disclosure, and produced them to the requesters without Parks Miller’s knowledge. Id., ¶¶ 20-21, 30, 32. The records obtained by the attorney-requesters were subsequently used in criminal cases to demonstrate improper ex parte communications between Parks Miller and the Judges. Id., ¶¶ 23, 25. B. Procedural History Parks Miller and the two Judges each filed a separate action requesting declaratory and injunctive relief, seeking to enjoin the County from responding to any RTKL requests on their behalf. The trial court consolidated the actions filed by the two Judges, and entered a preliminary injunction enjoining the County from making any response to RTKL requests for judicial records and directing that such requests instead be forwarded to the open records officer designated for the appropriate judicial agency (pursuant to County policy, the Prothonotary and/or the district court administrator). On appeal, the Commonwealth Court affirmed the trial court’s entry of a preliminary injunction. Grine v. Cty. of Centre, 138 A.3d 88 (Pa. Cmwlth. 2016). This Court denied the County’s petition for allowance of appeal. In her separate action, Parks Miller alleged that a district attorney’s office is a “judicial agency” under the RTKL. Citing to the definition of the phrase “system and related personnel” in the Pennsylvania Rules of Judicial Administration, which references “district attorneys,” Parks Miller contended that district attorneys’ offices are part of Pennsylvania’s unified judicial system. Asserting that hers is a “judicial agency” under the RTKL, Parks Miller argued that only the financial records of her office are subject to disclosure in response to RTKL requests. See 65 P.S. § 67.304. Following a hearing on May 13, 2015, the trial court accepted Parks Miller’s argument and granted the injunction. The trial court entered an order preliminarily enjoining the County from “making any response to any request made pursuant to the [RTKL] for judicial records relating to the [DA’s office],” and directed that future RTKL requests to Parks Miller be directed to “the appropriate [county] official” for RTKL requests to the district attorney’s office in accordance with the County’s RTKL policy. Trial Court Order, 5/13/2015. In so ruling, from the bench, the trial court made clear that it considered the actions brought by the Judges and Parks Miller to present the same basic issue of disclosure of judicial records: “I have already made a decision ... in the [Judges’ cases] ... and I’m certainly not going to change my opinion in this case.” N.T. 90: 16-20, May 12, 2015. ' The County appealed the trial court’s decision to grant Parks Miller a preliminary injunction. In a unanimous en banc opinion, the Commonwealth Court reversed.[2] In concluding that a district attorney’s office is not a “judicial agency,” the Commonwealth Court looked to definitions contained in the Pennsylvania Judicial Code, 42 Pa.C.S. §§ 101-9813. Miller, 135 A.3d at 237. The Commonwealth Court noted that a district attorney’s office does not fall within the definition of “personnel of the system,” which includes judicial officers, personal staff, administrative staff, and central staff. Instead, the court found that a district attorney’s office constitutes “related staff,” which is comprised of public employees that serve the unified judicial system but are not personnel of the system, as well as “county staff,” because Parks Miller holds a county elected position. Id. at 237-38 (citing 42 Pa.C.S. § 102; Rosenwald v. Barbieri, 501 Pa. 563, 462 A.2d 644, 647 (1983) (“the term ‘related staff covers those whose function aids the judicial process but who are not supervised by the courts”)). The Commonwealth Court further observed that the Pennsylvania Constitution includes district attorneys as “county officers,” á category not supervised by the courts. Id. at 238 (citing Pa. Const. art. IX, § 4; Beckert v. Warren, 497 Pa. 137, 439 A.2d 638, 644 (1981)). Based upon the foregoing, and because the “office is not judicial in nature” or vested with any judicially-related powers, the Commonwealth Court concluded that, the trial court erred by finding that Parks Miller’s office was a “judicial agency” under the RTKL. Id. at 238-39. This Court granted discretionary review to answer the following'question: “Do district attorneys and their offices constitute ‘judicial agencies’ as defined under Section 102 of the Right-to-Know-Law, 65 P.S. § 67.102?” Miller v. Cty. of Centre, 158 A.3d 1236 (Pa. 2016). This issue involves the proper interpretation of a statute. It is therefore a pure question of law, for which our standard of review is de novo and our scope of review is plenary. See, e.g., A. Scott Enters., Inc. v. City of Allentown, 636 Pa. 249, 142 A.3d 779, 786 (2016); In re Estate of Stephano, 602 Pa. 527, 981 A.2d 138, 140 (2009). In support of her position, Parks Miller repeats the arguments she presented to the trial court and the .Commonwealth Court, focusing upon application of definitions of various terms (e.g., “personnel of the system,” “system and related personnel”) in the Judicial Code and the Rules of Judicial Administration. Parks Miller finds it particularly appropriate to treat records maintained by a district attorney’s office the same as records maintained by judicial agencies under the RTKL because the Judicial Code empowers the Administrative Office of Pennsylvania Courts (“AOPC”) to supervise the establishment and maintenance of judicial records by “system and related personnel,” a term defined to include district attorneys. 42 Pa.C.S. § 4301(a) (“All system and related personnel shall establish and maintain such records as shall be required by law.”). Parks Miller further contends that a finding that district attorneys are “judicial agencies” under the RTKL does not violate the separation of powers doctrine because the Supreme Court already supervises and regulates district attorneys under the Judicial Code and the Rules of Judicial Administration, as district attorneys are included in “system and related personnel.” She also submits that her prosecutorial role is not a reason to exclude her from the unified judicial system, as the function of district attorneys is closely intertwined in the judicial process. According to Parks Miller, there could be no criminal justice component to the “unified judicial system” without district attorneys, who extensiyely participate in, and exclusively serve, the unified judicial system. She concedes she is not a member of the judiciary and has no judicial functions, but claims she is “part of a ‘team’ comprised of judges, court staff, lawyers, clerks, etc. that, taken as a whole, serve the ‘unified judicial system.’ ” Parks Miller’s Brief- at 24. For these reasons, Parks Miller insists that a district attorney’s office, including hers in Centre County, is a “judicial agency” under the RTKL. In response, the County asserts that the Commonwealth Court correctly held that a district attorney’s office iá not a “judicial agency” under the RTKL.[3] The County agrees with the Commonwealth Court’s analysis and application of the definitions in the Judicial Code and the Rules of Judicial Administration. County’s Brief at 17-26. The County also contends that the Commonwealth Court’s interpretation is bolstered by other provisions of the RTKL that define a distinct role for district attorneys to perform in providing access to law enforcement records. The County notes that Section 603 of the RTKL, 65 P.S. § 67.503, provides that the district attorney of each county must designate his or her own appeals officer to hear appeals relating to access to criminal investigative records. The County avers that if a district attorney’s office was a “judicial agency” under the RTKL, the RTKL provisions requiring the separate adjudication of appeals involving criminal investigative records would be superfluous because only “financial records” of the district attorney’s office would be subject to disclosure under the RTKL. Relying upon In re Act 147 of 1990, 528 Pa. 460, 598 A.2d 985, 990 (1991), the County asserts that- district attorneys constitute part of the prosecutorial arm of the Commonwealth government and are thus members of its executive branch. As puch, the County insists that the Pennsylvania Constitution forbids the General Assembly, through legislation like the RTKL, from making executive branch officials part of the judiciary, something that would work a fundamental violation of the separation of powers doctrine. The County derides Parks Miller’s contention that she is part of a “team” that serves the unified judicial system, as the members of the judiciary are not her teammates but rather serve as impartial referees adjudicating the criminal complaints she files. According to the County, district attorneys, who are charged with prosecuting crimes on behalf of the citizens of the Commonwealth, do not sit in the same capacity as those charged with overseeing the-fair and impartial administration and adjudication of those prosecutions, namely the judiciary. II. Analysis The courts of this Commonwealth long have recognized that citizens have a common law right to the inspection of public documents. Mooney v. Temple Univ. Bd. of Trs., 448 Pa. 424, 292 A.2d 395, 398 n. 10 (1972) (“There is a well-established right at common, law to inspect public records upon request in a reasonable manner.”); Wiley v. Woods, 393 Pa. 341, 141 A.2d 844, 847 (1958). Given the importance of the need for open observation of our criminal justice system, this common law right of access has always extended to public judicial records. See, e.g., Commonwealth v. Fenstermaker, 515 Pa. 501, 530 A.2d 414, 417-421 (1987). Our Court has acknowledged that this principle of openness with respect to public judicial records is, in addition to common law tradition, also grounded in the Pennsylvania Constitution. Id. at 417 (“Article I, section 9 provides, ‘In all criminal prosecutions the accused hath a right to ... a speedy public trial...,’ and Article I, section ll states, ‘All courts shall be open.’”). While we never have had occasion carefully to define the parameters of the right to inspect public judicial documents, it is clear , that this right extends at least to “[documents that are filed with the court and, in particular, those that are used by the judge in rendering a decision are clearly considered public judicial documents.” Commonwealth v. Long, 592 Pa. 42, 922 A.2d 892, 898 (2007). With respect to agencies of this Commonwealth,1 the common law right to inspect public documents was codified through the General Assembly’s enactment of the Right to Know Act (“RTKA”), 65 P.S. §§ 66.1-66.4 (repealed, effective January 1, 2009). Fenstermaker, 530 A.2d at 419; Pa. State Educ. Ass’n v. Commonwealth, Dep’t of Cmty. & Econ. Dev., 148 A.3d 142, 152 (Pa. 2016) (“[I]n 1957 the Pennsylvania General Assembly codified the common law right to inspect public records by enacting the RTKA to provide public access to public records.”). According to its legislative account, the stated purpose of the RTKA was to “strike the veil óf sécreey from [those] ... government departments and agencies” that have become so far removed from the electoral process that public oversight is necessary, to keep them in check. Pennsylvania Legislative Journal, Session 1957, No. 35, April 10, 1957, 2186; Wiley v. Woods, 393 Pa. 341, 141 A.2d 844, 848 (1958) (stating that the RTKA was enacted to “enlarge the rights of the general public for the examination and inspection of public records”). Passage of the RTKA had no superseding effect on the right to inspect public judicial documents, as by its terms.the statute did not apply to the judiciary. 65 P.S. § 66.1(1) (repealed); Fenstermaker, 530, A.2d at 419. In 2008, the General Assembly enacted the RTKL, replacing the RTKA. The revisions to the RTKL changed the method of access to an individual’s personal information and set forth new criteria to determine whether information is protected from disclosure. Pennsylvania State Educ. Ass’n, 148 A.3d at 153. The objective of the RTKL “is to empower citizens by affording them access to information concerning the activities of their government,” to promote openness to official government information in order to prohibit secrets, scrutinize the actions of public officials, and to make public officials accountable for their actions. SWB Yankees LLC v. Wintermantel, 615 Pa. 640, 45 A.3d 1029, 1042 (2012); Office of the Dist. Attorney of Phila. v. Bagwell, 155 A.3d 1119, 1130 (Pa. Cmwlth. 2017). The RTKL affords greater access to public records than did the RTKA, resulting in “a dramatic expansion of the public’s access to government documents.” Levy v. Senate of Pa., 619 Pa. 586, 65 A.3d 361, 381 (2013). Unlike the RTKA, the RTKL has some application to the judiciary. All records in the possession of Commonwealth and local agencies are presumed to be public records subject to disclosure, unless they are exempt under a section 708 exception, subject to a privilege, or are otherwise exempt under another state or federal law, regulation, or judicial order or decree. 65 P.S. § 67.305(a). In contrast, only financial records[4] in the possession of a judicial agency “shall be presumed to be available” in accordance with the RTKL. 65 P.S. § 67.305(b). Section 304(a) provides further that “[a] judicial agency shall provide financial records in accordance with this act or any rule or order of court providing equal or greater access to the records.” 65 P.S. § 67.304(a). For these reasons, the RTKL limits the public records that judicial agencies must disclose to financial records.[5] See also Court of Common Pleas of Lackawanna Cty. v. Pa. Office of Open Records, 2 A.3d 810, 813 (Pa. Cmwlth. 2010). Parks Miller argues that her office is a “judicial agency” entitled to claim the limited disclosure requirements under the RTKL. Section 102 of the RTKL defines a “judicial agency” as “[a] court of the Commonwealth or any office or entity of the unified judicial system,” 65 P.S. § 67.102. The question presented here requires that we engage in statutory interpretation to assess the scope of this term. The Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991, recognizes that the objective of all interpretation is to ascertain and effectuate the General Assembly’s intent. 1 Pa. C.S. § 1921(a). A statute’s plain language generally provides the best indication of legislative intent. 1 Pa.C.S. § 1921(b). However, if the words of the statute are not free from ambiguity, the intention of the General Assembly may be ascertained by considering, inter alia, the occasion and necessity for the statute, the object or policy goals to be obtained, and the consequences of a particular interpretation. 1 Pa.C.S. § 1921(c). Parks Miller attempts to shield herself from the disclosure obligations of the RTKL by insisting that her office is a “judicial agency.” Parks Miller’s argument relies entirely upon the facially curious inclusion of district attorneys within the definition of “system and related personnel” set forth in the Judicial Code and the Rules of Judicial Administration. 42 Pa. C.S. § 102; Pa.R.J.A. 102. It is this curiosity that we ponder here. In addition to the courts of the Commonwealth, the term “judicial agency” in the RTKL includes “any other entity or office of the unified judicial system.” 65 P.S. § 67.102. The “unified judicial system” is defined by the Judicial Code and by this Court’s Rules of Judicial Administration. In particular, the term “personnel of the system” includes “[¿judicial officers, personal staff, administrative staff and central staff.” 42 Pa.C.S. § 102; see Pa. R.J.A. 102. The term “related staff’ is defined as “[a]ll individuals employed at public expense who serve the unified judicial system, but the term does not include personnel of the system.” 42 Pa.C.S. § 102; Pa.R.J.A. 102. The term “system and related personnel” is defined to include district attorneys, as follows: The term includes district attorneys, public defenders, sheriffs and other officers serving process or enforcing orders, registers of wills, prothonotaries, clerks of the courts, clerks of the orphans’ court division, coroners, jury commissioners, probation officials, and the personnel of all of the foregoing. 42 Pa.C.S. § 102; see also Pa.R.J.A. 102;[6] Rosenwald, 462 A.2d at 647 (“These definitions!] clearly distinguish between ‘personnel of the system’ and ‘related staff.’ ”). Because district attorneys are “system and related personnel,” but are not “personnel of the unified judicial system,” it follows that they are “related staff.” “Related staff’ expressly are not “personnel of the system.” A fortiori, such staff cannot be personnel or entities or offices of the unified judicial system. Rather, “related staff’ are “those whose function aids the judicial process but who are not supervised by the courts.” Id. Under the plain language of the RTKL, the Judicial Code, and the Rules of Judicial Administration, district attorneys (like public defenders, sheriffs, and others identified as “system and related personnel”) are not “judicial agencies.” Accordingly, Parks Miller cannot invoke the protections for judicial agencies provided by the RTKL. It appears that the inclusion of district attorneys (among others) within the category of “system and related personnel” was undertaken for limited administrative purposes. See, e.g., 42 Pa.C.S. § 3502 (permitting governing authorities to establish accounting methods to be used in connection with funds handled by system and related personnel); id. § 3544 (requiring political subdivisions to pay for the salaries of system and related personnel); id. § 4101 (requiring the coordination of activities between, inter alia, courts, system and related personnel, and political subdivisions to avoid duplicating functions); see also Pa.R.J.A. 505(11) (providing that the administrative office has the power to supervise administrative matters relating to system and related personnel); Pa.R.J.A. 506 (requiring all system and related personnel to comply with directives from the administrative office). The inclusion of district attorneys within the definition of “system and related personnel” in the Judicial Code and Rules of Judicial Administration does not transform district attorneys into members of the uni-fled judicial system.[7] For this reason, we conclude that Parks Miller and her office are not “judicial agencies” under the RTKL, The decision of the Commonwealth Court is affirmed. Chief Justice Saylor and Justices Baer, Todd and Mundy join the opinion. Justice Donohue files a concurring opinion in which Justice Dougherty joins. . Act of February 14, 2008, P.L. 6, 65 P.S, §§ 67.101-67.3104, as amended. ,. In the present appeal, Parks Miller notes that the documents at issue in her appeal are the same documents that the Commonwealth Court held were not subject to disclosure under the RTKL in the Judges’ appeal. Parks Miller’s Brief at 26. She contends that the Commonwealth Court "unnecessarily injected a layer of complexity and an opportunity for mischief” by requiring multiple RTKL analy-ses for the same documents. Id. The issue in the present appeal, however, is entirely different from that addressed by the Commonwealth Court in the Judges’ appeal, specifically the difference between whether district attorneys, as opposed to judges, are a part of the unified judicial' system. Moreover, as the Gounty correctly observes, the decision in this appeal will have far-reaching implications well beyond the production of the documents at issue here, as a decision that Parks Miller and her office are “judicial agencies” under the RTKL will extend to the production of all public documents in her possession or control (and those of other district attorneys), regardless of any involvement with members of the judiciary. County’s Brief at 25-26. . The Centre County Office of Open Records, the Pennsylvania Newsmedia, Association and the ACLU of Pennsylvania, the County Commissioner’s Association, of Pennsylvania and the Public Defender Association of Pennsylvania have all filed amicus briefs with this Court in support of the County's, position. . The RTKL defines "financial records,” to include “any account, voucher or contract dealing with: (i) the receipt or disbursement of funds by an agency; or (ii) an agency’s acquisition, use or disposal of services, supplies, materials, equipment or property.” 65 P.S. § 67.102. . In at least one case, the Commonwealth Court has posited that given the limited disclosure requirements for public judicial records under the RTKL, the common law right to access to these records remains intact. Faulk v. Phila. Clerk of Courts, 116 A.3d 1183, 1188 (Pa. Cmwlth. 2015) ("The RTKL is not the sole mechanism for obtaining records from judicial agencies”). . The Rules of Judicial Administration define "[s]ystem and related personnel” as follows: Personnel of the system and related staff. The term includes district attorneys, public defenders, sheriffs and other officers serving process or enforcing orders, registers of wills, prothonotaries, excluding prothonotaties of the Supreme Court, Superior Court and the Commonwealth Court of Pennsylvania, clerks of the courts, clerks of the orphans’ court division, prison and correctional officials, and the personnel of all of the foregoing. Pa.R.J.A. 102. . Justice Donohue would eschew an approach that examines the definitions provided either in the Judicial Code or in the Rules of Judicial Administration, opining that the definitions provided therein apply, respectively, only to that title and those rules. Concurring Opinion at 1170-71. However, courts routinely invoke the definitions provided in the Judicial Code and the Rules of Judicial Administration to aid in interpreting other statutes with undefined terms, including the RTKL. See, e.g., HSP Gaming, L.P. v. City Council for City of Phila., 595 Pa. 508, 939 A.2d 273, 280 n.9 (2007) (defining a final order for purposes of the Gaming Act, 4 Pa.C.S. § 1506, by reference to the Judicial Code’s definitions, 42 Pa.C.S. § 102); Bray v. McKeesport Housing Auth., 114 A.3d 442, 446 n.5 (Pa. Cmwlth. 2015) (defining housing authority as a local agency for purposes of the Local Agency Law, 2 Pa.C.S. § 752, by turning to the definition of "Commonwealth government” in the Judicial Code, 42 Pa.C.S. § 102); Frazier v. Phila. Cnty. Office of Prothonotary, 58 A.3d 858, 859 (Pa. Cmwlth. 2012) (defining "unified judicial system” in Section 102 of the Right to Know Law, 65 P.S, § 67.102, by relying upon the definitions provided in the Rules of Judicial Administration, Pa.R.J. A. 102); Court of Common Pleas of Lackawanna Cnty. v. Pennsylvania Office of Open Records, 2 A.3d 810 (Pa. Cmwlth. 2010) (holding that the Director of the Office of Domestic Relations was a judicial agency pursuant to the RTKL because the director was “administrative staff” of the unified judicial system as defined in the Judicial Code, 42 Pa.C.S. § 102). This is a reasonable and intuitive approach, particularly inasmuch as the General Assembly has defined “judicial agency” in the RTKL as an "entity or office of the unified judicial system,” 65 P.S, § 67,102, a term that is precisely defined in the Judicial Code and our Rules of Judicial Administration, Unlike In re 2003 Gen. Election for Office of Prothonotary, 578 Pa. 3, 849 A.2d 230 (2004), upon which Justice Donohue relies, Concurring Opinion at 1171-72, this is a case where we are left with no other source for determining the meaning of the undefined statutory term. Although our Constitution identifies the courts that comprise the "unified judicial system," see Pa, Const, art. V, § 1, it says nothing about what other entities or offices .may be included in that system. Under such circumstances, nothing precludes a court from considering the definitions provided in the Judicial Code or in our Rules of Judicial Administration, even where these definitions are not binding pursuant to the instructions of the Judicial Code and our rules,