J-A13036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BETTY J. RELLICK AND KIMBERLY K. VASIL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHARLEEN RELLICK-SMITH AND ANNABELL MARCOALDI | |
| APPEAL OF: KIMBERLY K. VASIL | |
| | No. 884 WDA 2015 |

Appeal from the Order May 21, 2015
in the Court of Common Pleas of Indiana County,
Civil Division at No. 11283 CD 2014

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

CONCURRING STATEMENT BY OLSON, J.: **FILED AUGUST 22, 2016**

Although the learned Majority reaches the correct conclusion based upon 112-year old precedent, I believe that the law has developed in a manner that will lead our Supreme Court to recognize Kimberly K. Vasil's ("Vasil's") standing in this case. Therefore, I concur.

In May 1904, our Supreme Court set forth the elements of the tort of intentional interference with testamentary expectancy. **See Marshall v. De Haven**, 58 A. 141, 142 (Pa. 1904). In **Marshall**, the decedent drafted a will which left only $5.00 (of a $250,000.00 estate) to his niece. After drafting the will, the decedent expressed a wish to leave more of his estate to his niece. One of the larger beneficiaries of the will then paid a third-party $3,000.00 to convince the decedent not to change his will. The decedent

never changed his will and, after the decedent's death, the niece sued the beneficiary for intentional interference with testamentary expectancy. Ultimately, our Supreme Court in **Marshall** recognized the validity of the tort but limited the tort to diminished expectancy under wills.[1]  **Marshall**, however, was decided three months prior to the Court of Appeals of New York's **In re Totten**, 71 N.E. 748 (N.Y. 1904) decision, the first case to recognize a Totten trust[2] such as the one at issue here, and 29 years prior to our Supreme Court recognizing Totten trusts in Pennsylvania.  **See In re Scanlon's Estate**, 169 A. 106, 108–109 (Pa. 1933).  Since that time, our Supreme Court has only cited **Marshall** on three occasions.  In all three instances, the citation to **Marshall** was tangential to the issue our Supreme Court was considering.  **See McNeil v. Jordan**, 894 A.2d 1260, 1265 (Pa. 2006) (whether pre-complaint discovery was appropriate); **Cole v. Wells**, 177 A.2d 77, 80 (Pa. 1962) (whether request for discovery must be brought in Common Pleas or Orphans' Court); **Mangold v. Neuman**, 91 A.2d 904, 907 (Pa. 1952) (whether complaint was a collateral attack on the probate of a will).

Since **Marshall**, the Restatement (Second) of Torts § 774B defined the tort of intentional interference with inheritance or gift, which is similar to

---

[1] Although our Supreme Court recognized the validity of the tort, it found that the niece failed to plead the requisite elements of the tort.

[2] A Totten trust is sometimes referred to as a "poor man's will."  **See In re Novosielski**, 992 A.2d 89, 106 n.22 (Pa. 2010) (citation omitted).

the tort of intentional interference with testamentary expectancy set forth in *Marshall*. Our Supreme Court, however, has not adopted (or rejected) section 774B, under which Vasil clearly has standing. Similarly, our Supreme Court has not determined whether, in light of section 774B and/or its adoption of Totten trusts in *Scanlon's Estate*, the intentional interference with testamentary expectancy tort announced in *Marshall* should be expanded to include situations like the one in the case at bar.

It is nonsensical to find that Vasil has standing to argue that defendants exerted undue influence to diminish her testamentary expectancy with respect to a will, but she lacks standing to argue that defendants exerted undue influence to diminish her expectancy with respect to a Totten trust. In both situations, the decedent had every right to diminish Vasil's expectancy during her lifetime as long as it was done of her own free will and volition. Whether undue influence was exerted with respect to a will or Totten trust should have no bearing on Vasil's standing.

In the end, however, this Court lacks the authority to expand causes of action that our Supreme Court has previously defined. *See In re Estate of Stephano*, 981 A.2d 138, 141–142 (Pa. 2009). That task is reserved for our Supreme Court. In *Marshall*, our Supreme Court defined the tort of intentional interference with testamentary expectancy and limited that tort to wills – not Totten trusts. I therefore respectfully concur.

Judge Stabile and Judge Musmanno join this concurring statement.